United States District Court
Southern District of Texas
**ENTERED**
November 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | Cr. No. 2:14-14 |
| | § | (Ca. No. 2:16-337) |
| BLANCA AVALOS-CABRERA. | § | |

**MEMORANDUM OPINION AND ORDER**

Blanca Avalos-Cabrera filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 29. Her motion seeks a sentence reduction based on her allegedly minor role. The relief Avalos-Cabrera seeks is available, if at all, through a motion pursuant to 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255.

Avalos-Cabrera pleaded guilty to possession with intent to distribute approximately 1.52 kilograms of methamphetamine in 2014 and was sentenced in June 2014 to 96 months' imprisonment, although her guideline sentencing range was 135 to 168 months' imprisonment based on the quantity of drugs for which she was held accountable. *See* D.E. 15, ¶ 14.[1]

Avalos-Cabrera claims she should be considered for a minor role reduction pursuant to Amendment 794 to the Sentencing Guidelines. The Court construes her motion to be one pursuant to § 3582(c)(2).

"Section 3B1.2 is designed to reduce a sentence when the defendant is substantially less culpable than the average participant in the offense." *United States v. Potahl*, 990 F.2d 1456, 1484 (5th Cir. 1993). Amendment 794 modified the Application Notes to clarify the factors a district court should consider in deciding whether to apply a minor or mitigating role.

---

1. Avalos-Cabrera was held responsible for 1,271 grams of methamphetamine that was 100% pure and 920.7 grams of heroin, which are the marijuana equivalent of 26,304.7 kilograms. This resulted in an offense level of 36 in 2013 when she was arrested; however, the Court considered Amendment 782 to the Guidelines and sentenced her in light of that amendment.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect, but Amendment 794 is not listed.

Accordingly, this Court is not authorized to reconsider whether Avalos-Cabrera may qualify for a minor role under the amendment. For that reason, her motion (D.E. 29) is **DENIED**. Because Avalos-Cabrera's motion is not properly considered a motion to vacate, set aside or correct sentence, the Clerk is instructed to close the civil action Cause No. 2:16-337.

It is so **ORDERED**.

**SIGNED** this 22nd day of November, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE